**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BRIAN JOHNSON,

                Petitioner,                    Case Number: 4:07-CV-13940

v.                                      HON. STEPHEN J. MURPHY, III

SUSAN DAVIS,

                Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR**
**EQUITABLE TOLLING AND GRANTING RESPONDENT'S "MOTION TO**
**DISMISS FOR FAILURE TO COMPLY WITH THE STATUTE OF LIMITATIONS"**

Petitioner Brian Johnson, a state inmate currently incarcerated at the Huron Valley Complex in Ypsilanti, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for voluntary manslaughter. Petitioner has filed a Motion for Equitable Tolling and Respondent has filed a Motion to Dismiss for Failure to Comply With the Statute of Limitations. The Court finds that the petition was not timely filed and that Petitioner is not entitled to equitable tolling.

**I.**

Petitioner was charged in Wayne County Circuit Court with second-degree murder and felony possession of a firearm in connection with the February 19, 1999, shooting death of his father. Petitioner was originally found to be competent to stand trial. However, in October 1999, Petitioner was found incompetent to stand trial. He remained in a mental institution until January 2000, when the trial court determined him competent to stand trial.

Petitioner pleaded guilty to voluntary manslaughter, pursuant to a plea agreement whereby the prosecutor dismissed the second-degree murder and felony firearm charges. The trial court provided a preliminary sentencing evaluation of five years probation, to commence upon Petitioner's placement in a psychiatric treatment facility. On February 9, 2000, the trial court sentenced Petitioner in accordance with the sentencing evaluation. *See People v. Johnson*, No. 253692, slip op. at 1 (Mich. Ct. App. Jan. 17, 2006).

Over the next several months, the court, probation department and jail personnel attempted to locate a treatment center for placement, but their attempts were unsuccessful. *See id.* at 2. On May 12, 2000, the trial court informed the parties that he would resentence Petitioner because the unavailability of a treatment facility rendered the original sentence unfulfillable. *Id.* Petitioner moved to withdraw his plea, but the trial court denied the motion and resentenced Petitioner to two to fifteen years imprisonment. *See* Tr., 5/12/00 at 19-22.

On May 7, 2001, Petitioner sent a motion to correct or modify his sentence and a motion for guidance and/or disqualification of the original trial judge to the chief judge of the Wayne County Circuit Court. *See Johnson*, slip op. at 2. Petitioner's motions were forwarded to the trial judge. On November 26, 2001, the trial judge denied the motions but allowed Petitioner the option of withdrawing his plea "upon request" and proceeding to trial on the original charges of second-degree murder and felony firearm possession. *See People v. Johnson*, No. 99-02236 (Wayne County Circuit Court Nov. 26, 2001). Petitioner failed to move to withdraw his plea.

On July 30, 2003, Petitioner filed a motion for relief from judgment in the trial court. The trial court held that the motion was an impermissible successive motion and denied the

motion.  *See People v. Johnson*, No. 99-02236 (Wayne County Circuit Court Oct. 9, 2003).

Petitioner filed an application for leave to appeal the trial court's denial of his motion for

relief from judgment in the Michigan Court of Appeals.  The Michigan Court of Appeals

granted leave to appeal and affirmed Petitioner's convictions.  *People v. Johnson*, No.

253692 (Mich. Ct. App. Jan. 17, 2006).  Petitioner then sought leave to appeal in the

Michigan Supreme Court, which denied leave to appeal.  *People v. Johnson*, No. 130511

(Mich. July 31, 2006).  Petitioner's motion for reconsideration was also denied.  *People v.

Johnson*, No. 130511 (Mich. Oct. 31, 2006).

Petitioner filed the pending petition on September 13, 2007.

## II.

Respondent argues that the petition should be dismissed because it was not timely

filed.  The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110

Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date

of the Act, April 24, 1996, and imposes a one-year limitation period on habeas corpus

petitions.

A prisoner must file a federal habeas corpus petition within one year of the "date on

which the judgment became final by the conclusion of direct review or the expiration of the

time for seeking such review."  28 U.S.C. § 2244 (d)(1)(A).  The one-year limitations period

does not begin to run until the time for filing a petition for a writ of certiorari to the United

States Supreme Court has expired.  *Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000).

In addition, the time during which a prisoner seeks state-court collateral review of a

conviction does not count toward the limitations period.  28 U.S.C. § 2244(d)(2).  However,

a properly filed application for state post-conviction relief, while tolling the statute of

3

limitations, does not serve to restart the limitations period.  *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

In the pending case, Petitioner's motion to correct or modify his sentence was denied on November 26, 2001.  Petitioner did not file a direct appeal of his conviction.  His conviction, therefore, became final on November 26, 2002, when the one-year limitations period for filing a delayed application for leave to appeal in the Michigan Court of Appeals expired.  *See* Michigan Court Rule 7.205(F).  The one-year limitations period applicable to habeas corpus petitions commenced on November 26, 2002.  The limitations period continued to run until July 30, 2003, when Petitioner filed a motion for relief from judgment in the trial court.  The motion for relief from judgment was a properly filed motion for post-conviction relief for purposes of tolling under 28 U.S.C. § 2244(d)(2).  Thus, the filing of this motion tolled the limitations period with 123 days remaining.

Petitioner filed applications for leave to appeal the trial court's denial of his motion for relief from judgment in the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Court of Appeals granted leave to appeal and subsequently affirmed Petitioner's convictions.  *People v. Johnson*, No. 253692 (Mich. Ct. App. Jan. 17, 2006). The Michigan Supreme Court denied leave to appeal, *People v. Johnson*, No. 131050 (Mich. July 31, 2006)  and denied a motion for reconsideration.  *People v. Johnson,* No. 130511 (Mich. Oct. 31, 2006) The limitations period, of which 123 days remained, therefore, resumed running on November 1, 2006. The limitations period continued to run, uninterrupted, until it expired on March 3, 2007.  Petitioner did not file his habeas petition until September 13, 2007.  Therefore, the petition was not timely filed.

Petitioner concedes that his petition was not timely filed.  However, he argues that

4

he is entitled to equitable tolling of the limitations period.  To be entitled to equitable tolling, a Petitioner bears the burden of showing "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Lawrence v. Florida*, 549 U.S. 327,336; 127 S. Ct. 1079, 1085 (2007), *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  "Illness – mental or physical – tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period."  *Price v. Lewis*, 119 Fed. Appx. 725, 726 (6th Cir. 2005). Petitioner makes no showing, however, that his medical condition actually prevented him from pursuing his  legal rights.

In addition, Petitioner claims that the limitations period should not bar his habeas petition because he was ignorant of the law and the relevant limitations period.  Petitioner's ignorance of the law alone, however, is insufficient to delay commencement of the limitations period.  *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004).  This is the case even when the petitioner is acting *pro se* and is uneducated.  *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002).  Thus, Petitioner's claim that he was unlearned in the law will not serve to delay the running of the one-year limitations period.

### III.

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination.  *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). The Court concludes that it is presently in the best position to decide whether to issue a COA.  *See id.* at 901, (*quoting Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir.1997), overruled in part on other grounds

by *Lindh v. Murphy*, 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the Court concludes that reasonable jurists could not debate this Court's conclusion that Petitioner's habeas petition is untimely. Therefore, the Court denies Petitioner a certificate of appealability.

## IV.

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period and that he is not entitled to equitable tolling of the limitations period.

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Equitable Tolling [dkt. # 2] is **DENIED**.

**IT IS FURTHER ORDERED** that Respondent's Motion to Dismiss [dkt. # 11] is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED**.

**IT IS FURTHER ODERED** that a certificate of appealability is **DENIED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated:  January 27, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 27, 2009, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager